SCHOTT, Chief Judge.
Defendant was convicted of second degree murder, LSA-R.S. 14:30.1, and sentenced to life imprisonment. We have examined the record for errors patent and find none.
On April 23, 1984 Ann and Todd were leaving a convenience store in New Orleans when they were accosted by two robbers. One, identified as the defendant, held a gun on them and demanded the keys to Ann's car. He grabbed the keys, a scuffle ensued, and, at some point, the defendant *5 aimed the gun at Todd and fired it, and the bullet struck defendant’s colleague, Eric Batiste, killing him.
By his first assignment of error, defendant contends that the trial court erroneously permitted evidence of defendant’s bad character while he was testifying on cross examination. The challenged testimony is as follows:
Q. You say you don’t do anything like that, is that what you just told this jury?
A. Yes, ma’am.
Q. How about on April 9, 1984 when you were with Eric?
A. I was not with Eric.
Q. You were at a dice game with Eric.
A. I was not in a dice game with Eric.
Q. You handed him a Twenty-Two?
A. I did not hand him any gun.
Q. And he shot Antoine Kaiet?
However, this testimony was elicited just after the defendant gave the following testimony on direct examination:
Q. George, I’m going to ask you now, were you with Eric at this Time Saver on Broad when he was killed?
A. No, sir.
Q. Did you attempt to shoot at anybody, kill anybody that day?
A. No sir, I do not do anything like that. I do not rob or kill anyone, as God is my witness.
Since the challenged testimony was in rebuttal of defendant’s testimony of his good character it was admissible and the trial court correctly overruled defendant’s objection. R.S. 15:481. Defendant’s argument that his testimony on direct was specifically pointed to the robbery in question and was not intended to reflect his general propensities and habits is not supported by the testimony. Regardless of what he may now say of his intentions when he gave the testimony, he clearly placed his character at issue and opened the door for the state’s questions. This assignment is meritless.
Officer Defillo testified over defendant’s objection that the dead man, Batiste, and defendant were such close friends that they were “unseparatable”. By his second assignment of error defendant contends this testimony was irrelevant and prejudicial. However, Defillo’s knowledge of the closeness between the dead man and the defendant led to the defendant’s identification by the victims and his arrest. Consequently, defendant’s argument has no merit.
By his third assignment defendant argues that he cannot be lawfully convicted of murder “when the facts show that the person killed was in fact committing a felony and where there is no evidence of intent to have killed or injured the alleged victim.”
R.S. 14:30.1(A)(2) defines second degree murder as the killing of a human being:
When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, forcible rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, first degree robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Thus, since Batiste was a human being the statute applies even though he was committing robbery with defendant. Since this is so, and since the statute specifically excludes intent to kill as an element of the offense defendant’s third assignment of error has no merit.
Defendant’s final assignment arises out of a question put to the trial judge by the jury after they had been deliberating for a while. After the judge explained the elements of first degree murder, second degree murder, and manslaughter a juror asked this question:
“Can you reach a verdict of manslaughter if you have decided that there was an attempted Armed Robbery connected with it? If there’s an attempted armed robbery do you have to rule out Manslaughter”.
The judge answered by explaining that manslaughter is a homicide committed while the perpetrator is engaged in the perpetration or attempted perpetration of a felony other than aggravated arson, aggravated burglary, aggravated kidnapping, ag *6 gravated rape, armed robbery or simple robbery. This is precisely what is provided by R.S. 14:31 and was the proper answer to the question. Defendant’s argument that the judge stated or insinuated that they could not return a verdict of manslaughter is not supported by the record.
The conviction and sentence are affirmed.
AFFIRMED.